**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**MONICA PERKINS,**

                        **Petitioner,**

**v.**                                                       **CRIMINAL NO. 2:18-cr-177**

**UNITED STATES OF AMERICA,**

                        **Respondent.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Monica Perkins' ("Petitioner") Motion for Compassionate Release. ECF No. 443. For the reasons stated below, Petitioner's Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Petitioner and various co-defendants were charged in an eight-count criminal indictment related to her involvement in various robberies in the Eastern District of Virginia.  ECF No. 1. Petitioner pleaded guilty to Counts One and Two of the indictment, charging Petitioner with (Count 1) Conspiracy to Interfere with Commerce by Means of Robbery, in violation of 18 U.S.C. § 1951(a), and (Count 2) Interference with Commerce by Means of Robbery, in violation of 18 U.S.C. §§ 2, 1951(a). ECF No. 125. The Government also filed a single-count criminal information against Petitioner for Aiding and Abetting the Brandishing of a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii). ECF No. 93. Petitioner ultimately pleaded guilty to the single-count criminal information in addition to Counts One and Two of the indictment. ECF No. 125.

On September 25, 2018, Petitioner and five of her co-defendants conspired to rob a Food Lion grocery store at gun point and stole $4,880. ECF No. 586. The group used encrypted

communications to coordinate planning and used earpieces to communicate during the robberies. *Id*. Petitioner was a "look-out" in the grocery store. *Id*. Two co-defendants brandished firearms and pointed them at two Food Lion employees and a customer. *Id*. On October 10, 2019, Petitioner was sentenced to 108 months imprisonment. ECF No. 354.

On August 3, 2020, Petitioner filed a *pro se* letter motion requesting compassionate release pursuant to 18 U.S.C. § 3582(c). ECF No. 443. The Court ordered the appropriate responses on August 7, 2020. ECF No. 444. On September 4, 2020, Petitioner's counsel filed a Motion to Withdraw, ECF No. 456, indicating that counsel "has not found any grounds for compassionate relief that counsel perceives to be meritorious," ECF No. 457. The Government then responded in opposition to Petitioner's *pro se* motion for compassionate release on September 18, 2020. ECF No. 462. On October 27, 2020, the Court issued an Order granting counsel for Petitioner's Motion to Withdraw. ECF No. 476. In that Order, the Court provided Petitioner the option to file a *pro se* reply to the Government's opposition within 30 days of the Order. *Id*. Petitioner did not file a reply. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Federal Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id*. Courts may; however, waive the exhaustion requirement under exigent circumstances. *Coleman v. United States*, 2020 WL

3039123, at \*3–\*4 (E.D. Va. June 4, 2020) (discussing the reasons "judicial waiver of the exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19").

**B. The Compassionate Release Standard**

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified based upon the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. §1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the Bureau of Prisons before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. §1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the Bureau of Prisons. As such, U.S.S.G. §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at \*4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at \*3 (S.D.N.Y. Feb. 24, 2020) ("[T]he

3

Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive").

Additionally, and importantly, a petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Instead, the Court may consider a combination of factors, including — but not limited to — those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

**A. The Exhaustion Issue**

In the Government's Opposition brief, the Government attaches Petitioner's Request for Reduction in Sentence Form dated June 1, 2020. ECF No. 462-1. The warden of Petitioner's correctional facility subsequently denied Petitioner's request on June 24, 2020. ECF No. 462-2. Accordingly, Petitioner complied with the exhaustion requirements under § 3582(c)(1)(A). Furthermore, this Court has previously held that the exhaustion requirement within § 3582(c)(1)(A) may be waived in the midst of the COVID-19 pandemic. *See supra* Part II.A; *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020). Therefore, although the Court could waive the exhaustion requirement based upon the ongoing threats COVID-19 imposes, waiver is not necessary since Petitioner meets the requisite exhaustion requirements.

**B. Resolution of Petitioner's Request for Compassionate Release**

1. *Consideration of the Factors Listed in 18 U.S.C. § 3553(a)*

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court examines the nature and circumstances of the offense and the characteristics of Petitioner. The Presentence Report reveals that in furtherance of the underlying offense, Petitioner helped her co-defendants to execute an armed robbery of a Food Lion grocery store. ECF No. 445. Petitioner served as a look-out while Petitioner's co-defendants brandished a firearm in furtherance of the robbery, risking the lives of countless patrons and Food Lion employees. *Id*. Petitioner even stated at one point that she was responsible for finding the stores. *Id*. at 8. Undoubtedly, Petitioner had significant involvement in the underlying offense.

Petitioner's boyfriend at the time was a co-defendant in the armed robbery. *Id*. Upon his arrest for an unrelated matter, Petitioner communicated with the boyfriend on numerous occasions and the two even planned for future robberies upon his release from prison. *Id*. While their plans for future robberies were never carried out, Petitioner's conversations with the boyfriend revealed that Petitioner had every intention to commit more robberies.

Furthermore, at the time of sentencing the statutory maximum for Petitioner's offenses was 20 years for Count 1 of the indictment, 20 years for Count 2 of the indictment, and 7 years for Count 1 of the criminal information. To date, Petitioner has only served approximately 13 months of her 108-month sentence. ECF No. 462-4. Based upon the foregoing, Petitioner's offense conduct strongly implicates the need for a sentence "to reflect the seriousness of the offense…and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A)–(B).

The Court also considers that Petitioner has participated in rehabilitative programming and obtained several hours of self-study courses while imprisoned. *Id*. After full consideration of the

§ 3553(a) factors, however, the Court concludes that the purposes of Petitioner's sentence remain unfulfilled.

    2. *Evaluation of "Extraordinary and Compelling Reason"*

The Court recognizes that *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating whether an "extraordinary and compelling reason" for a sentence reduction has been established, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton). Specific to each petitioner, the Court examines the Centers for Disease Control's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020).

Here, Petitioner's Motion does not elicit any specific ailments placing Petitioner at a greater risk of illness or death from COVID-19. See ECF No. 443. Instead, Petitioner is a 31-year-old woman whose medical records are devoid of the type of cardiovascular or respiratory illnesses that may exacerbate a potential COVID-19 infection. ECF No. 459. Even though Petitioner's medical records from as recent as July 29, 2020 indicate that she suffers from an unspecified anxiety disorder, the CDC does not list anxiety as a condition that places Petitioner at an increased risk of severe illness from the virus.[1]

Accordingly, upon review of Petitioner's medical records, the Court is unable to conclude that Petitioner is particularly vulnerable to COVID-19. Based upon the foregoing reasoning, the

---

[1] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Dec. 1, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

Court is unable to find an extraordinary and compelling reason for relief after considering the unfulfilled purposes of Petitioner's original sentence.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**. The Clerk is **DIRECTED** to provide a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED**.

Norfolk, Virginia
December 15, 2020

_____
UNITED STATES DISTRICT JUDGE